# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:16-CV-00121-JHM

RICHARD ESCALERA                                                           PLAINTIFF

VS.

BARD MEDICAL, A DIVISION OF C.R. BARD, INC.               DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

Before the Court is the motion of Plaintiff Richard Escalera for an award of fees and expenses against Defendant Bard Medical, A Division of C.R. Bard, Inc. (DN 37). Bard has responded in opposition (DN 38), and Escalera has replied (DN 39). The motion is ripe for adjudication. For the reasons that follow, Escalera's motion is granted.

### Background

Escalera seeks to recover his legal fees and expenses associated with pursuing a motion to compel Bard's responses to discovery requests. On January 11, 2017, Escalera served interrogatories and requests for production of documents on Bard. Bard served responses and objections on February 13, 2017 and subsequently served amended responses and objections on March 2, 2017. Escalera believed that Bard's discovery responses were deficient. The parties were successful in resolving some of the issues, and on May 24, 2017, Bard served a second amended set of responses and objections. Escalera believed that deficiencies in the responses remained.

Pursuant to the requirement in the scheduling orders that the parties participate in an informal telephone conference with the undersigned before filing any motions related to discovery, the Court conducted a telephonic conference on April 20, 2017. The parties resolved some of the disputed issues during the conference, but as to others on which the parties were unable to agree, the undersigned authorized Bard to file motions for protective orders (DN 20). The undersigned conducted another telephonic conference on June 7, 2017, at the conclusion of which the undersigned authorized Escalera to file a motion to compel (DN 22).

Escalera filed a motion to compel on July 7, 2017 (DN 23). Bard responded in opposition (DN 27), and Escalera replied (DN 32). The undersigned issued a memorandum opinion and order on September 12, 2017 granting Escalera's motion to compel and directing Bard to supplement its response to Escalera's discovery requests (DN 33). Bard subsequently filed an objection to the ruling (DN 36), and the district judge overruled the objection (DN 41).

### Escalera's Motion

Escalera brings his motion under Fed. R. Civ. P. 37(a)(5)(A) for an award of expenses and attorney fees in the sum of $19,385.00 incurred in the course of filing of the motion to compel. The rule provides:

> (5) Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

>>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Escalera asserts that there is no question that he attempted in good faith to resolve the dispute before filing the motion, as demonstrated by his deficiency letter and subsequent telephone conversations with Bard about the discovery deficiencies. Turning to whether Bard's nondisclosures and objections were substantially justified, Escalera argues that the Court need look no further to the language it employed in the order sustaining the motion to compel, in which the Court observed that "Bard has responded to nearly all of Escalera's discovery requests with boilerplate language and vague, evasive responses" (DN 33, p. 1). Escalera notes further than the Court agreed with him on his entitlement to the entire requested discovery. While Escalera concedes that the undersigned found the request for information about customers and product trials a "slightly closer issue" (Id. at p. 5), Escalera points out that the ruling on the issue was in his favor. He also points out that the order sustaining his motion to compel repeatedly characterized Bard's objections as "boilerplate" and concluded with the observation that "Bard has stymied discovery with its refusal to answer obviously relevant requests and near constant assertion of boilerplate objections" (Id. at p. 14).

As noted, Escalera seeks reimbursement of $19,385.00. He has attached an itemized statement from his legal counsel reflecting the expenditure of 45.6 hours for "JSW" at an hourly rate of $155, 65.85 hours for "KTK" at an hourly rate of $180, and 2.2 hours for "MS" at an hourly rate of $210 (DN 37-2). The hours claimed for work related to the motion to compel are 113.65. Escalera agrees that this total reflects work beyond the strict scope of preparing the

motion to compel and includes pre-filing efforts to identify and resolve the discovery response deficiencies. Escalera cites district court opinions within the Sixth Circuit for the proposition that time spent on activities attempting to resolve a discovery dispute as required by the court as a condition precedent to filing a motion are properly claimed under Rule 37(a)(5)(A). *See* Moore v. Weinstein Co., LLC, No. 3:09-CV-00166, 2012 WL 1657968, *5 (M.D. Tenn. May 11, 2012); J4 Promotions, Inc. v. Splash Dogs, LLC, No. 2:09-CV-136, 2010 U.S. Dist. LEXIS 60590 (S.D. Ohio May 25, 2010); Swaplease, Inc. v. Sublease Exchange.com, Inc., No. 1:07-CV-45, 2009 WL 1119591, *4 (S.D. Ohio April 27, 2009). Escalera also includes expenses included in filing the instant motion for fees, citing PepsiCo v. Central Inv. Corp., Inc., 216 F.R.D. 418, 421 (S.D. Ohio 2002) in support of that portion of the claim.

<u>Bard's Response</u>

In opposing Escalera's motion, Bard contends that its opposition to the discovery requests was substantially justified. In support of this argument, Bard sets forth three factors which it believes weigh in its favor. First, Bard contends "both Plaintiff and the Court substantially narrowed many of Plaintiff's original discovery requests" (DN 38, p. 1). Second, Bard notes that the Court remarked that one of the categories of discovery at issue, namely information about Plaintiff's customer data, was a "closer issue." Third, Bard asserts that another issue, whether comparator data should be limited to the relevant decision maker, was briefed at the Court's request after two discovery conferences. Bard contends that in so doing, the Court "seemed to implicitly acknowledge that this was not a clear cut issue, but rather one on which 'reasonable people could differ'" (<u>Id.</u> at p. 1-2).

Bard further argues that there are three more factors which demonstrate that an award of fees would be unjust in this instance. First, Bard asserts that Plaintiff's position on the scope of

discovery changed during the progress of the case, including the briefing phase. Second, Bard contends that it had already produced "a vast majority of the performance-related data" that it was ordered to produce "long before Plaintiff ever filed his motion to compel" (Id. at p. 2). Finally, Bard contends that it has worked diligently throughout the course of the case to review and supplement its production. It points to the several telephonic conferences between the Court and counsel to discuss discovery issues as demonstrating that the objections were reasonably debatable.

Escalera's Reply

Escalera notes that Bard has not taken exception to the amount or nature of the fees it has requested and has only argued that the fees should not be awarded because the failure to provide the requested discovery was substantially justified or because an award would be unjust. Escalera takes exception with these arguments.

Escalera contends that Bard's objections were not substantially justified when viewed in the context of its entire discovery strategy. First, Escalera argues that Bard responded to numerous discovery requests that it had no responsive documents, even though it had a 60-day document retention policy, failed to search its backup tapes and failed to disclose the policy or existence of the tapes in discovery responses. Escalera contends that Bard was only forthcoming when confronted. Escalera also notes that, in ruling on the motion to compel; this Court described Bard's responses as "boilerplate," "vague," and "evasive," concluding that Bard "stymied" discovery by refusing to answer "obviously relevant requests" (DN 39, p. 2-3).

Escalera rejects Bard's characterization that Plaintiff and the Court substantially narrowed the scope of discovery during earlier conferences. Escalera states that it reduced the length of time for which information was requested, agreeing that the scope was for information

dating back to 2012 rather than 2010. He only made the modification to the request, he asserts, because Bard for the first time offered an explanation as to why the requested scope was unduly burdensome. Escalera contends the matter could have been resolved much earlier had Bard been specific in objecting to the original request. Moreover, Escalera argues that reducing the scope by two years did not resolve Bard's objection to providing the information at all.

Escalera challenges Bard's contention that the discovery conferences demonstrate that its positions were reasonably justified. He notes that such conferences are required by the scheduling order as a precondition to filing any discovery-related motions. Moreover, Escalera asserts that the fact that the Court characterized the resolution of one issue as a "closer question" does not mean that all of the Defendant's objections were substantially justified. Escalera contends that "closer question" means in comparison with other issues raised in the motion to compel and does not mean that the particular question was a close one.

Turning to Bard's argument that an award of fees would be unjust, Escalera contends that Bard's conduct in discovery demonstrates an affirmative plan to obstruct discovery. Escalera contends that, contrary to its assertion, Bard did not provide much of the discovery ordered before being ordered to do so. Rather, Escalera references several requests for production in which it contends Bard provided only selected documents of its own choosing. As to Bard's argument that it had already produced some 1,200 pages of information, Escalera replies that the matter was not before the Court because of what Bard had produced. Rather, the dispute was over what Bard had not produced.

## Discussion

Rule 37(a)(5) directs that, where a party successfully moves to compel discovery, the court generally "must" make an award of reasonable costs incurred. The award is mandatory

6

unless the failure to provide discovery was substantially justified or circumstances make an award unjust. Brown v. Wal-Mart Stores, Inc., 507 Fed. Appx. 543, 549 (6th Cir. 2012).

"Under Rule 37(a)(5)(A)(ii), the phrase 'substantially justified' has been interpreted to mean 'it raises an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."'" Boles v. Lewis, No. 1:07-CV-277, 2009 U.S. Dist. LEXIS 57644, *7 (W.D. Mich. July 7, 2009) (*quoting* Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 765 (6th Cir. 2005)). Put another way, "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person.'" Eagle v. Hurley Med. Ctr., 292 F.R.D. 466, 481 (E.D. Mich. 2013) (*quoting* Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Bard's argument that the reasonableness of its opposition to the discovery requests is evidenced by the fact that the scope of those discovery requests was narrowed between its initial objection and the motion to compel is not persuasive. This narrowing was the result of the dialog required by Rule 37(a)(1) and L.R. 37.1 ("Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery."). The scope was narrowed, but Bard nonetheless persisted in asserting objections to the remaining portions of the discovery requests and which objections the undersigned concluded were unjustified.

Bard's contention that the conferences with the Court discussing the discovery disputes indicated that "the Court, too, believed there was a 'genuine dispute' that warranted briefing" (DN 38, p. 4) is likewise unpersuasive. The scheduling order, DN 13, ¶ (5) requires the parties to participate in a telephonic conference with the undersigned before filing any discovery related motions. These conferences are to explore whether the dispute can be resolved informally

without the necessity of formal motion practice, in keeping with the focus on "active case management."[1] These informal conferences are not intended to circumvent a party's entitlement to brief and receive a formal ruling on a discovery dispute and authorization to proceed with motion practice does not constitute an endorsement by the Court that a party's opposition to discovery is justified. It simply means that the parties can only "agree to disagree" on the point, and formal resolution is necessary.[2]

Finally, Bard's contention that the Court's observation in the ruling that one of the issues was "slightly closer" indicates that the dispute was reasonably justified ignores the overall tenor of the order. The observation was made in comparison between Escalera's requests for information about sales performance, previous customers, and product trials as to the relevance of the requests. When turning to the request for previous customer information, the undersigned noted "information concerning Escalera's customers is a slightly closer issue" (DN 33, p. 9). While Bard's position on this one particular issue might have been subject to some degree of debate, it does not absolve Bard from the overall pattern of obstructive conduct discussed in the order.

With regard to Bard's arguments that an award of fees would be unjust, Bard's first point is that Escalera's discovery requests were a "moving target," subject to revision during the discussions preceding the motion to compel. However, Bard's failure to adequately identify the nature of objections and the reasons why it contended discovery was not appropriate impeded Escalera's ability to scale the discovery requests. Bard next argues that some of what the Court

---

[1] "Discovery disputes, if not controlled early and firmly, will constitute the most time-consuming, inefficient and costly investment of judicial pre-trial case-management time. You should consider adopting a formal procedure for discovery motions, clearing stating that, in general, discovery motions may not be submitted without a prior telephone conference requesting your permission to file them." Civil Litigation Management Manual, p. 41 (2nd ed. 2010).

[2] "Many discovery motions are unnecessary and do not warrant the investment of client time and money required to support them. Sometimes, however, a fully briefed motion is the only way to resolve important discovery disputes (for example, disputes over privilege)." Id.

ordered it to produce had already been produced some months earlier. The undersigned is not convinced this is in fact the case. As Escalera notes in his reply (DN 39), Bard's use of boilerplate objections and limitations on the response makes it difficult to discern what actually was or was not produced, thereby necessitating the Court's intervention for clarification.

Finally, Bard contends that it had already produced 1,283 pages of documentation to Escalera before the motion to compel, thus indicating its good faith in the discovery process. Escalera's reply is well taken:

> The parties are not before the Court because of the documents Defendant did produce. The parties are before the Court because of the numerous requests the Defendant refused to answer, because it lodged boilerplate objections, and because it, ultimately, stymied discovery, even with respect to obviously relevant requests.

(DN 39, p. 7).

The undersigned concludes that Bard's opposition to the discovery requests was not substantially justified, and an award of fees under Rule 37(a)(5) is not unjust. Bard has not challenged the hourly rate charged by Escalera's attorneys, the relatedness of the billing entries to the pre-filing efforts to resolve the discovery dispute, or the preparation of the motion to compel. Consequently, Escalera is awarded the full amount of fees itemized in DN 37-2.

**ORDER**

**IT IS HEREBY** ORDERED that Plaintiff's motion for an award of attorney fees and expenses (DN 37) is **GRANTED**.

**IT IS FURTHER** ORDERED that Defendant shall pay the Plaintiff the sum of $19,385.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

December 18, 2017

Copies: Counsel